## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| JAVIER DE LA ROSA, individually and on behalf of similarly situated individuals, | ) ) ) ) | No. 19-cv-01638 |
| *Plaintiff*, | ) ) | Hon. Elaine E. Bucklo |
| v. | ) ) ) | |
| CHOICE HOTELS INTERNATIONAL, INC., a Delaware corporation, and L-O CHICAGO OPERATING, LLC, a Delaware limited liability corporation. | ) ) ) ) ) | |
| *Defendants.* | ) | |

## FIRST AMENDED CLASS ACTION COMPLAINT WITH JURY DEMAND

Plaintiff Javier De La Rosa ("Plaintiff"), individually and on behalf of other similarly situated individuals, brings his First Amended Class Action Complaint against Defendant Choice Hotels International, Inc. ("Choice") and Defendant L-O Chicago Operating, LLC ("L-O Chicago") (collectively, "Defendants"), for their violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*. ("BIPA"), and to obtain redress for persons injured by their conduct. Plaintiff alleges the following based on personal knowledge as to his own experiences, and as to all other matters, upon information and belief, including an investigation conducted by his attorneys.

### INTRODUCTION

1.     BIPA defines a "biometric identifier" as any personal feature that is unique to an individual, including handprints, fingerprints and palm scans. "Biometric information" is any information based on a biometric identifier, regardless of how it is converted or stored. 740 ILCS § 14/10. Collectively, biometric identifiers and biometric information are known as "biometrics."

2. This case concerns the misuse of individuals' biometrics by Defendants, operators of a national hotel chain. Using biometrically-enabled technology, Defendants are capturing, collecting, disseminating, or otherwise using the biometrics of Plaintiff and other Class members, without their informed written consent as required by law, in order to track their time when they "clock-in" and "clock-out" of their work shifts.

3. BIPA provides, *inter alia*, that private entities, such as Defendants, may not obtain and/or possess an individual's biometrics unless they first:

    (1)   inform the person whose biometrics are to be collected *in writing* that biometric identifiers or biometric information will be collected or stored;

    (2)   inform the person whose biometrics are to be collected *in writing* of the specific purpose and the length of term for which such biometric identifiers or biometric information is being collected, stored and used;

    (3)   receive a *written release* from the person whose biometrics are to be collected, allowing the capture and collection of their biometric identifiers or biometric information; <u>and</u>

    (4)   publish publicly available retention guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15(a).

4. Compliance with BIPA is straightforward and may be accomplished through a single, signed sheet of paper. BIPA's requirements bestow a right to privacy in biometrics and a right to make an *informed* decision when electing whether to provide or withhold biometrics.

5. Defendants' biometric timekeeping system works by extracting biometric information from individuals, such as handprints or portions thereof, and subsequently using the same for authentication and timekeeping purposes. The system includes the dissemination of

2

biometrics to third parties, such as data storage vendors and payroll services. The biometrics are stored and repeatedly used each time a worker "clocks in" or "out" on the job.

6.      The Illinois Legislature has found that "biometrics are unlike other unique identifiers that are used to access finances or other sensitive information. For example, even sensitive information like Social Security numbers can be changed. Biometrics, however, are biologically unique to each individual and, once compromised, such individual has no recourse, is at a heightened risk for identity theft, and is likely to withdraw from biometric facilitated transactions." 740 ILCS 14/5. The risk is compounded when a person's biometrics are also associated with their other personally identifiable information.

7.      The deprivation of the statutory rights conferred by BIPA constitutes the actual injuries the Illinois Legislature sought to prevent.

8.      Plaintiff brings this action for statutory damages and other remedies as a result of Defendants' respective and collective conduct in violating his state biometric privacy rights.

9.      On behalf of himself and the proposed Class defined below, Plaintiff seeks an injunction requiring Defendants to comply with BIPA, as well as an award of statutory damages to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

10.      Defendant Choice Hotels International, Inc. is a Delaware corporation registered with and authorized by the Illinois Secretary of State to transact business in Illinois. Defendant Choice transacts business throughout Illinois and in this District.

11.      Defendant L-O Chicago Operating, LLC, is a subsidiary of Choice Hotels International, Inc., that is registered with and authorized by the Illinois Secretary of State to

3

transact business in Illinois. Defendant L-O Chicago transacts business throughout Illinois and in this District.

12.     At all relevant times, Plaintiff Javier De La Rosa has been a resident and citizen of the State of Illinois and worked for Defendants in this District.

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) *et seq.*, because this case is a class action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; there are greater than 100 putative class members; at least one putative class member is a citizen of a state other than Defendants; and none of the exceptions under subsection 1332(d) apply.

14.     This Court may assert personal jurisdiction over Defendants because they conduct substantial business within this District.

15.     Venue is proper in this District because Plaintiff resides in this District and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## FACTS SPECIFIC TO PLAINTIFF

16.     Defendants operate a national chain of hotels that rely on updated and new technologies, including biometrically-enabled technology, to track their employees while at work.

17.     During the relevant time, Plaintiff worked at one of Defendants' Hotels located in Chicago, Illinois.

18.     At the time Plaintiff's biometrics were first handled by Defendants, Plaintiff worked at Defendants' Mile North Hotel in Chicago, Illinois.

19.     During Plaintiff's tenure with Defendants, the Mile North Hotel was subsequently rebranded as a Cambria Hotel. On information and belief, Defendants continued to maintain a significant ownership stake and appurtenant control following the rebranding.

20.     Defendants implemented biometric scanning and time-tracking devices and technology at their hotels, including the Mile North Hotel, to monitor and track their employees', including Plaintiff's, time.

21.     Plaintiff was required to scan his fingerprint into Defendants' biometric timekeeping device in order to "clock-in" and "clock-out" of each respective shift. Plaintiff could only verify his attendance and timeliness using this biometric device.

22.     Plaintiff relied on Defendants, his employers, to not only provide a lawful and legally compliant system, but to also disclose all material information regarding the technology and system, including all relevant retention, destruction, and dissemination policies.

23.     Defendants' biometric timekeeping regime allow for and resulted in the dissemination of Plaintiff and other Class members' biometrics to third parties, including vendors for timekeeping, data storage, and payroll purposes.

24.     Prior to taking Plaintiff's biometrics, Defendants did not inform Plaintiff in writing that his biometrics were being collected, stored, used, or disseminated, or publish any policy specifically about the collection, retention, use, deletion, or dissemination of biometrics.

25.     Defendants did not seek, and Plaintiff never provided, any written consent relating to the collection, use, storage, or dissemination of his biometrics.

26.     Prior to taking Plaintiff's biometrics, Defendants did not make publicly available any written policy as to their biometric retention schedule, nor did they disclose any guidelines for permanently destroying the collected biometrics.

5

27.     Additionally, Defendants did not obtain consent from Plaintiff for any dissemination of his biometrics to third parties.

28.     To this day, Plaintiff is unaware of the status of his biometrics obtained by Defendants. Defendants has not informed Plaintiff whether they still retain his biometrics, and if they do, for how long they intend to retain such information without his consent.

29.     BIPA vests an individual state right to biometric privacy. Defendants' deprivation of Plaintiff's biometric privacy right constitutes the actual harm the Legislature sought to prevent.

## CLASS ALLEGATIONS

30.      Plaintiff brings this action on behalf of himself and similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class defined as follows:

> Class: All individuals whose biometrics were captured, collected, stored, used, transmitted, or disseminated by or on behalf of Defendants within the State of Illinois any time within the applicable limitations period.

31.     Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendants; and any immediate family member of such officers or directors.

32.     Upon information and belief, there are at least hundreds of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendants' personnel records.

33.     Plaintiff's claims are typical of the claims of the members of the Class he seeks to represent, because the factual and legal bases of Defendants' liability to Plaintiff and the other members are the same, and because Defendants' conduct has resulted in similar injuries to Plaintiff

and to the Class. As alleged herein, Plaintiff and the Class have all suffered damages as a result of Defendants' BIPA violations and common law transgressions.

34. There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members. Common questions for the Class include, but are not limited to, the following:

      a.    Whether Defendants' conduct is subject to BIPA;

      b.    Whether Defendants made available to the public a written policy that establishes a retention schedule and guidelines for destroying biometrics;

      c.    Whether Defendants obtained a written release from the Class before capturing, collecting, or otherwise obtaining their biometrics;

      d.    Whether Defendants provided a written disclosure that explains the specific purposes, and the length of time, for which biometrics were being collected, stored and used before taking such biometrics;

      e.    Whether Defendants' conduct violates BIPA;

      f.    Whether Defendants' conduct is negligent;

      g.    Whether Defendants' violations of the BIPA are willful or reckless; and

      h.    Whether Plaintiff and the Class are entitled to damages and injunctive relief.

35. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions in that it conserves the resources of the courts and the litigants and promotes consistency of adjudication.

36. Plaintiff will adequately represent and protect the interests of the members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation

and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Class.

37.　　Defendants have acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

**COUNT I**
**Violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*.,**
**(On behalf of Plaintiff and the Class)**

38.　　Plaintiff incorporates the foregoing allegations as if fully set forth herein.

39.　　Defendants are private entities under BIPA.

40.　　BIPA requires private entities, such as Defendants, to obtain informed written consent from individuals before acquiring their biometric information. Specifically, BIPA makes it unlawful to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of for which a biometric identifier or biometric information is being captured, collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b).

41.　　BIPA also requires that private entities in possession of biometric identifiers and/or biometric information establish and maintain a publicly available retention policy. Entities which possess biometric identifiers or information must (i) make publicly available a written policy

8

establishing a retention schedule and guidelines for permanent deletion of biometric information (entities may not retain biometric information longer than three years after the last interaction with the individual); and (ii) adhere to the publicly posted retention and deletion schedule.

42. Plaintiff and the other Class members have had their "biometric identifiers," namely their fingerprints, collected, captured, or otherwise obtained by Defendants. Plaintiff and the other Class members' biometric identifiers were also used to identify them, and therefore constitute "biometric information" as defined by BIPA. 740 ILCS 14/10.

43. Each instance Plaintiff and the other Class members were required to scan their fingerprints, Defendants captured, collected, stored, and/or used Plaintiff's and the other Class members' biometric identifiers or biometric information without valid consent and without complying with and, thus, in violation of BIPA.

44. Defendants' practice with respect to capturing, collecting, storing, and using biometrics fails to comply with applicable BIPA requirements:

    a. Defendants failed to inform Plaintiff and the members of the Class in writing that their biometrics were being collected and stored, prior to such collection or storage, as required by 740 ILCS 14/15(b)(1);

    b. Defendants failed to inform Plaintiff and Class in writing of the specific purpose for which their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

    c. Defendants failed to inform Plaintiff and the Class in writing the specific length of term their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

d.  Defendants failed to obtain a written release, as required by 740 ILCS 14/15(b)(3);

e.  Defendants failed to provide a publicly available retention schedule detailing the length of time for which the biometrics are stored and/or guidelines for permanently destroying the biometrics they store, as required by 740 ILCS 14/15(a); and

f.  Defendants failed to obtain informed consent to disclose or disseminate the Class' biometrics, as required by 740 ILCS 14/15(d)(1).

45.  By obtaining and operating an employee timekeeping system which uses biometrics that was devoid of the privacy protections required by BIPA, Defendants profited from Plaintiff's and the Class members' biometric identifiers and biometric information in violation of 740 ILCS 14/15(c). Defendants knew, or were reckless in not knowing, that the biometric systems they were using would be subject to the provisions of BIPA yet wholly failed to comply with the statute.

46.  By capturing, collecting, storing, using, and disseminating Plaintiff's and the Class' biometrics as described herein, Defendants denied Plaintiff and the Class their right to statutorily-required information and violated their respective rights to biometric information privacy, as set forth in BIPA.

47.  BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of the BIPA. 740 ILCS 14/20(1).

48.  Defendants' violations of the BIPA, as set forth herein, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendants negligently failed to comply with BIPA.

49.     Accordingly, with respect to Count I, Plaintiff, on behalf of himself and the proposed Class, prays for the relief set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the proposed Class, respectfully requests that this Court enter an Order:

a.      Certifying the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

b.      Declaring that Defendants' actions, as set forth herein, violate BIPA;

c.      Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendants to comply with the BIPA requirements for the capture, collection, storage, use, and dissemination of biometric identifiers and biometric information;

d.      Awarding statutory damages of $5,000 for each willful and/or reckless violation of the BIPA, pursuant to 740 ILCS 14/20(1);

e.      Awarding statutory damages of $1,000 for each negligent violation of the BIPA, pursuant to 740 ILCS 14/20(3);

f.      Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3);

g.      Awarding pre- and post-judgment interest, as allowable by law; and

h.      Awarding such further and other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

11

Dated: May 3, 2019

Respectfully Submitted,

JAVIER DE LA ROSA, individually and on behalf of a class of similarly situated individuals

By:    /s/ Jad Sheikali
       *One of Plaintiff's Attorneys*

William P.N. Kingston
Jad Sheikali
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
wkingston@mcgpc.com
jsheikali@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*