IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| JAVIER DE LA ROSA, individually and on behalf of similarly situated individuals, | ) ) ) ) | No. 19-cv-01638 |
| *Plaintiff*, | ) ) | Hon. Elaine E. Bucklo |
| v. | ) ) ) | |
| ADP, LLC, a Delaware limited liability corporation. | ) ) ) | |
| *Defendant.* | ) | |

**SECOND AMENDED CLASS ACTION COMPLAINT WITH JURY DEMAND**

Plaintiff Javier De La Rosa ("Plaintiff"), individually and on behalf of other similarly situated individuals, brings his Second Amended Class Action Complaint against Defendant ADP, LLC ("ADP" or "Defendant"), for its violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), and to obtain redress for persons injured by its conduct. Plaintiff alleges the following based on personal knowledge as to his own experiences, and as to all other matters, upon information and belief, including an investigation conducted by his attorneys.

**INTRODUCTION**

1.      BIPA defines a "biometric identifier" as any personal feature that is unique to an individual, including fingerprints and palm scans. "Biometric information" is any information based on a biometric identifier, regardless of how it is converted or stored. 740 ILCS § 14/10. Collectively, biometric identifiers and biometric information are known as "biometrics."

2.      This case concerns the misuse of individuals' biometrics by Defendant ADP, a leading provider of payroll, timekeeping, HR, tax, and compliance services for businesses.

Defendant also offers biometric timekeeping solutions, including the biometric system Plaintiff used.

3. Defendant captured, stored, used, and/or disseminated the biometrics of Plaintiff and other Class members without their informed written consent as required by law.

4. Defendant provides its commercial customers, including Plaintiff's employer, with biometric timekeeping devices which allow employees to "clock in" and "clock out" by using their biometrics rather than a traditional punch card. Through the biometric technology, Defendant captures, collects, stores, and otherwise obtains information from the biometric identifiers of its customers' employees in order to provide payroll and other employee management services to its commercial customers, such as Plaintiff's employer.

5. Because Defendant collects, stores, otherwise obtains, and relies on information that is generated as a result of its biometric technology's capture of biometric identifiers and data and information derived therefrom, Defendant collects, stores, and/or otherwise obtains biometric information.

6. BIPA provides, *inter alia*, that private entities, such as Defendant, may not collect, capture, purchase, or otherwise obtain an individual's biometric identifiers, such as fingerprints and hand scans, or any biometric information, including any data regardless of the manner from which it was converted, or is converted or stored, unless they first:

    a. inform that person in writing that his/her biometrics will be collected or stored;

    b. inform that person in writing of the specific purpose and the length of term for which such biometrics are being collected, stored and used; and

    c. receive a written release from the person for the collection of their biometrics.

740 ILCS 14/15(b)(1)-(3).

7. BIPA also requires private entities in possession of biometric information to develop a publicly available written policy outlining the storage and destruction policies of such biometric identifiers, and/or any biometric information derived from such identifiers. 750 ILCS 14/15(a).

8. Finally, private entities are prohibited from profiting from an individual's biometric identifiers or biometric information, as well as disclosing the same to third parties without informed consent. 740 ILCS 14/15(c)-(d).

9. Indeed, "biometrics are unlike other unique identifiers that are used to access finances or other sensitive information" (740 ILCS 14/5), and therefore require special treatment compared to traditional private personal information. For example, even sensitive information like Social Security numbers, when compromised, can be changed. "Biometrics, however, are biologically unique to each individual; therefore, once compromised, the individual has no recourse, is at a heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." 740 ILCS 14/5.

10. Plaintiff brings this action for statutory damages and other remedies as a result of Defendant's conduct in violating his biometric privacy rights under BIPA.

11. BIPA's requirements bestow upon individuals in Illinois a right to privacy in biometrics and a right to make an *informed* decision when electing whether to provide or withhold their biometrics.

12. The deprivation of the statutory rights conferred by BIPA constitutes the actual injuries the Illinois Legislature sought to prevent.

13. On behalf of himself and the proposed Class and Subclass defined below, Plaintiff seeks an injunction requiring Defendant to comply with BIPA, as well as an award of statutory

damages to the Class members and monetary damages to be determined at trial, together with costs and reasonable attorneys' fees.

## PARTIES

14. At all relevant times, Defendant ADP, LLC has been a Delaware limited liability corporation registered with and authorized by the Illinois Secretary of State to transact business in Illinois. Defendant transacts business throughout Illinois and in this District.

15. At all relevant times, Plaintiff Javier De La Rosa has been a resident and citizen of the State of Illinois.

## JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) *et seq.*, because this case is a class action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; there are greater than 100 putative class members; at least one putative class member is a citizen of a state other than Defendant; and none of the exceptions under subsection 1332(d) apply.

17. This Court may assert personal jurisdiction over Defendant because it conducts substantial business within this District.

18. Venue is proper in this District because Plaintiff resides in this District and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## FACTS SPECIFIC TO PLAINTIFF

19. Defendant is a leading provider of payroll, timekeeping, HR, tax, and compliance services for businesses, including biometric timekeeping services.

20. During the relevant time, Plaintiff worked at a Cambria-branded hotel ("Cambria") located in downtown Chicago, Illinois.

21. While working at Cambria, Plaintiff was required to scan his fingerprints and/or other biometrics into Defendant's biometric timekeeping devices each time he needed to "clock-in" and "clock-out" of a shift at work.

22. Through its biometric technology, Defendant captured, collected, and otherwise obtained the biometric identifiers and/or biometric information of Plaintiff and the Class members.

23. Upon each biometric scan, Defendant receives either biometric identifiers, and/or portions or data derived therefrom, in some medium and format, in order to allow Defendant to provide employee management services to Plaintiff's employer, such as accurate payroll services.

24. After capturing and storing Plaintiff's biometrics, Defendant disseminated the same to third parties, including vendors for timekeeping, data storage and redundancy, and payroll purposes, without first obtaining Plaintiff's informed written consent.

25. Prior to obtaining Plaintiff's biometric identifiers, or data derived therefrom, i.e. biometric information, Defendant did not inform Plaintiff in writing that his biometrics were being collected, stored, used, or disseminated. Defendant did not seek, and Plaintiff never provided, any written consent relating to the collection, use, storage, or dissemination of his biometrics.

26. Prior to obtaining Plaintiff's biometric identifiers, or portions or data derived therefrom (i.e. biometric information), during the process of obtaining the same, and for an indefinite period following such collection or otherwise handling, Defendant did not make publicly available any written policy as to a biometric retention schedule nor guidelines for permanently destroying the collected biometrics.

27. On information and belief, Defendant did not have a BIPA-compliant retention and destruction policy at the time it came into possession of Plaintiff's and other class members' biometric identifiers and/or biometric information. Defendant did not have a BIPA compliant

retention and destruction policy for the entire time it was in possession of Plaintiff's and the other class members' biometric information and was thus in violation of BIPA during the time it possessed such biometrics and failed to maintain a proper retention and destruction policy.

28.     Additionally, Defendant did not obtain consent from Plaintiff for any dissemination of his biometrics to third parties.

29.     To this day, Plaintiff is unaware of the status of his biometrics obtained by Defendant. Defendant has not informed Plaintiff whether it still retains his biometrics, and if it does, for how long it intends to retain such information without his consent.

30.     By failing to comply with BIPA, Defendant has violated Plaintiff's substantive state rights to biometric information privacy.

## CLASS ALLEGATIONS

31.      Plaintiff brings this action on behalf of himself and similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class defined as follows:

> Class: All individuals whose biometrics were captured, collected, stored, used, transmitted, disseminated, or otherwise obtained by or on behalf of Defendant or its technology within the state of Illinois any time within the applicable limitations period.

32.     Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officers or directors.

33.     Upon information and belief, there are at least hundreds of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendant's personnel records.

34. Plaintiff's claims are typical of the claims of the members of the Class he seeks to represent, because the factual and legal bases of Defendant's liability to Plaintiff and the other members are the same, and because Defendant's conduct has resulted in similar injuries to Plaintiff and to the Class. As alleged herein, Plaintiff and the Class have all suffered damages as a result of Defendant's BIPA violations and common law transgressions.

35. There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members. Common questions for the Class include, but are not limited to, the following:

   a. Whether Defendant's conduct is subject to BIPA;

   b. Whether Defendant made available to the public a written policy that establishes a retention schedule and guidelines for destroying biometrics;

   c. Whether Defendant obtained a written release from the Class before capturing, collecting, or otherwise obtaining their biometrics;

   d. Whether Defendant provided a written disclosure that explains the specific purposes, and the length of time, for which biometrics were being collected, stored and used before taking such biometrics;

   e. Whether Defendant's conduct violates BIPA;

   f. Whether Defendant's violations of BIPA are willful or reckless; and

   g. Whether Plaintiff and the Class are entitled to damages and injunctive relief.

36. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions in that it conserves the resources of the courts and the litigants and promotes consistency of adjudication.

7

37. Plaintiff will adequately represent and protect the interests of the members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Class.

38. Defendant acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

## COUNT I
### Violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.*, (On behalf of Plaintiff and the Class)

39. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

40. Defendant is a private entity under BIPA.

41. BIPA requires private entities, such as Defendant, to obtain informed written consent from individuals before acquiring their biometric information. Specifically, BIPA makes it unlawful to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being captured, collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b).

42. Illinois' BIPA also requires that private entities in possession of biometric identifiers and/or biometric information establish and maintain a publicly available retention policy. Entities that possess biometric identifiers or information must (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric information (entities may not retain biometric information longer than three years after the last interaction with the individual); and (ii) adhere to the publicly posted retention and deletion schedule.

43. Plaintiff and the other Class members have had their "biometric identifiers," or portions and/or information derived therefrom, i.e. biometric information, collected, captured, received or otherwise obtained by Defendant. Plaintiff and the other Class members' biometric identifiers were also used to identify them, and therefore constitute "biometric information" as defined by BIPA. 740 ILCS 14/10.

44. On each instance, Plaintiff and the other Class members scanned their respective biometrics into Defendant's biometric devices and Defendant captured, collected, stored, and/or used Plaintiff's and the other Class members' biometric identifiers or biometric information without valid consent and without complying with BIPA.

45. In order to conduct payroll and other employee management services for Plaintiff's employer, Defendant obtains and relies on biometric information that would not exist absent Defendant's capture, collection and storage of Plaintiff's biometric identifiers, and/or portions of information derived therefrom. This information allows Defendant, *inter alia*, to determine the identity and hours of work of a given worker, such as Plaintiff.

46. In order to conduct payroll and other employee management services for Plaintiff's employer, Defendant necessarily, in some format or medium, stores biometric identifiers and/or biometric information.

47. Defendant's practice with respect to capturing, collecting, storing, and using biometrics fails to comply with applicable BIPA requirements:

   a. Defendant failed to inform Plaintiff and the members of the Class in writing that their biometrics were being collected and stored, prior to such collection or storage, as required by 740 ILCS 14/15(b)(1);

   b. Defendant failed to inform Plaintiff and the Class in writing of the specific purpose for which their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

   c. Defendant failed to inform Plaintiff and the Class in writing the specific length of term their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

   d. Defendant failed to obtain a written release, as required by 740 ILCS 14/15(b)(3);

   e. Defendant failed to maintain a publicly available retention schedule detailing the length of time for which the biometrics are stored and/or guidelines for permanently destroying the biometrics they store, as required by 740 ILCS 14/15(a) at all times it was in possession of Plaintiff and the class members' biometrics; and

   f. Prior to disclosing or re-disclosing Plaintiff's biometric identifiers and/or information to third-parties for purposes such as payroll, data storage and

redundancy, and other employee management purposes, Defendant failed to obtain informed consent to disclose or disseminate the Class' biometrics, as required by 740 ILCS 14/15(d)(1).

48. By designing and operating an employee timekeeping system, which uses biometrics that was devoid of the privacy protections required by BIPA, Defendant profited from Plaintiff's and the Class members' biometric identifiers and biometric information in violation of 740 ILCS 14/15(c).

49. By capturing, collecting, storing, using, and disseminating Plaintiff's and the Class' biometrics as described herein, Defendant denied Plaintiff and the Class their right to statutorily-required information and violated their respective rights to biometric information privacy, as set forth in BIPA.

50. BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation and damages of $1,000 for each negligent violation of BIPA. 740 ILCS 14/20.

51. Defendant's violations of BIPA, as set forth herein, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with BIPA.

52. With respect to Count I, Plaintiff, on behalf of himself and the proposed Class, prays for the relief set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the proposed Class, respectfully requests that this Court enter an Order:

    a. Certifying the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

b. Declaring that Defendant's actions, as set forth herein, violate BIPA;

c. Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA requirements for the capture, collection, storage, use, and dissemination of biometric identifiers and biometric information;

d. Awarding statutory damages of $5,000 for each willful and/or reckless violation of BIPA, pursuant to 740 ILCS 14/20(2);

e. Awarding statutory damages of $1,000 for each negligent violation of BIPA, pursuant to 740 ILCS 14/20(1);

f. Awarding monetary damages and equitable relief for Defendant's negligence in an amount to be determined at trial;

g. Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3);

h. Awarding pre- and post-judgment interest, as allowable by law; and

i. Awarding such further and other relief as the Court deems just and equitable.

**JURY DEMAND**

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: September 25, 2019  Respectfully Submitted,

JAVIER DE LA ROSA, individually and on behalf of a class of similarly situated individuals

By: /s/ Jad Sheikali
*One of Plaintiff's Attorneys*

William P.N. Kingston
Jad Sheikali

MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
wkingston@mcgpc.com
jsheikali@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*